IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JOSEPH WAYNE STARR**	**PLAINTIFF**

V.	CASE NO. 3:18-CV-03068

**ANDREW ALTON BOLIN, Jailer,
Newton County Jail, BRANDON
GODIN, Jailer, Newton County Jail;
BRET LAFALLETTE, Jailer, Newton
County Jail; JARED MCKINLEY
CURTIS, Jail Administrator, Newton
County Jail.**	**DEFENDANTS**

### OPINION AND ORDER

Plaintiff Joseph W. Starr has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff was booked into the Newton County Jail on April 12, 2018, by Jailer Godin. Plaintiff told Jailer Godin about his medical problems but later found out Jailer Godin did not enter the information into the computer. Additionally, Plaintiff alleges Jailer Godin failed to set him up on the kiosk

system which is the only way grievances, medical requests, commissary orders, and indigent forms could be submitted.

Between April 12, 2018, and April 26, 2018, Plaintiff alleges he asked Jailers Godin, Bolin, and Lafallette, to set him up on the kiosk system. Plaintiff states he even asked to talk to the jail administrator, Jared Curtis, about this issue. In response to his requests, Plaintiff alleges he was told they would see what they could do and would let Administrator Curtis know Plaintiff wanted to talk to him. Nothing was done.

On April 19, 2018, Plaintiff alleges he almost passed out because of his hypoglycemia. Nurse Kellog indicated there was nothing in the computer records indicating that he was hypoglycemic. She tested his sugar and realized he had the condition and put him on an appropriate diet.

On April 28, 2018, Plaintiff alleges he asked Jailer Bolin to provide him with access to the law library. In response, Plaintiff alleges Jailer Bolin brought him two outdated books. Plaintiff alleges he is not able to properly represent himself on his misdemeanor criminal charge.

On May 5, 2018, Plaintiff alleges that Jailer Godin told him to quit working out because the exercise was causing his sugar to drop. Plaintiff responded that he works out to keep his "cardio and health up to par." Jailer Godin is alleged to have advised the Plaintiff that if he continued to work out, Jailer Godin would not check Plaintiff's sugar or give him appropriate attention when he felt that his sugar was low.

On May 6, 2018, Jailer Godin came into the pod shortly after Plaintiff had worked out. Plaintiff told Jailer Godin that he was "feeling weak, shakey, light headed" and had a headache due to his sugar dropping and being low. Jailer Godin ignored the Plaintiff and

started talking to other inmates. A fellow inmate gave Plaintiff two cookies, and they helped bring his sugar up and keep him from passing out.

Plaintiff now seeks compensation for being treated unjustly. He also claims that he wants to make sure no other inmate has to worry about the incompetence he has endured.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out

-3-

a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Plaintiff has asserted no plausible claims against Administrator Curtis. Plaintiff has not alleged that Administrator Curtis was personally or directly involved in the alleged constitutional violations. There is no allegation that Administrator Curtis even knew about the alleged unconstitutional actions. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.") (internal quotation marks and citation omitted). A supervisor may not be held liable under § 1983 under a respondeat superior theory of liability; in other words, a supervisor may not be held liable because he employs the individual who is alleged to have violated the Plaintiff's constitutional rights. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 397 (8th Cir. 2007). Nor can a supervisor be held liable merely because he has general supervisory authority over the facility. *Clemmons*, 477 F.3d at 967. There is no basis for an individual liability claim against Administrator Curtis.

Furthermore, the Complaint does not allege that a policy or custom of Newton County caused the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) (a plaintiff seeking to impose § 1983 liability on a municipality must show that an official policy or a widespread custom or practice of unconstitutional conduct caused the deprivation of plaintiff's rights). There is no basis for

an official capacity claim against Administrator Curtis.

## IV. CONCLUSION

For the reasons stated, the claims asserted against Administrator Curtis are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, all claims against Administrator Curtis are **DISMISSED WITHOUT PREJUDICE** and he is **TERMINATED** as a Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

The Complaint will be served on the remaining Defendants.

**IT IS SO ORDERED** on this 25th day of June, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE