IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JOSEPH WAYNE STARR**                                                 **PLAINTIFF**

**V.**                       **CASE NO. 3:18-CV-03068**

**BRET LAFALLETTE; BRANDON**
**GODIN; and ANDREW ALTON BOLIN.**                             **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Joseph Wayne Starr filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Newton County Detention Center when he filed the Complaint (Doc. 2).

Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

On June 29, 2018, mail was returned to the Court (Doc. 11) as undeliverable. No forwarding address was available. Plaintiff was given until July 30, 2018, to provide the

Court with his new address. On July 2, 2018, mail was again returned as undeliverable (Doc. 13). The Court added the post office box for the Newton County Detention Center to the address and resent all returned documents. On July 13, 2018, mail was again returned as undeliverable (Doc. 14).

On October 11, 2018, Defendants filed a Motion to Dismiss (Doc. 24) on the basis that Plaintiff was not in compliance with Rule 5.5(c)(2). Defendants noted in the Motion that they had been unable to effect service of correspondence, their answer, and discovery requests on the Plaintiff. That same day, an Order (Doc. 27) was entered giving Plaintiff until November 1, 2018, to respond to the Motion to Dismiss. Plaintiff was advised that failure to comply with the Order "shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." This Order was not returned as undeliverable.

To date, Plaintiff has not provided a new address or contacted the Court in any way. Plaintiff has not filed anything with the Court since his complaint was filed on June 4, 2018. Plaintiff also has not responded to the Motion to Dismiss.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**IT IS SO ORDERED** on this 8th day of November, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE